FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

15 NOV 13 PM 1:30

| | |
|---|---|
| MARY BETH WRIGHT<br>   Plaintiff, and as Representative<br>of a Class of similarly situated individuals, | CLASS ACTION<br>JURY TRIAL |
| vs. | Case No. 3:15-CV-532 |
| MISHAWAKA HOUSING AUTHORITY,<br>an entity,<br>and<br>COLLEEN OLUND, Executive Director<br>of the MISHAWAKA HOUSING AUTHORITY,<br>   Defendants. | |

### CLASS ACTION COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF AND DAMAGES WITH JURY DEMAND

Introduction

1. This is a civil action to vindicate rights guaranteed by four federal statutes-- the Fair Housing Act, as amended, ("FHAA"), 42 U.S.C. §3601, et seq., Title II of the Americans with Disabilities Act ("Title II"), 42 U.S.C. §12131 et seq.; §504 of the Rehabilitation Act, 29 U.S.C. §794 ("§504"); and 42 U.S.C. §1983 -- and by the law of Indiana. Plaintiff seeks, inter alia, a declaration of her rights and obligations with Defendants arising

   (a) from actions by Defendants and agents and servants of Defendants in removing and authorizing a third party to haul away a motorized wheelchair, furniture and personal property belonging to Plaintiff at a time in which she was hospitalized;

   (b) from actions by Defendants which discriminated against her on the basis of her handicap and disability, resulting in denial to her of services and programs for which she was and is otherwise qualified;

1

(c) and from actions by Defendants which violated her rights under the tort and contract law of the State of Indiana, as alleged below.

2. Plaintiff seeks damages, equity relief and a declaratory judgment on the dispute between Plaintiff and Defendants. She sues as representative of a class of similarly situated persons. She demands trial by jury on all claims so triable.

## Jurisdiction And Venue

3. This Court has subject matter of this case under 28 U.S.C. §1331 and §1343(a)(3) and (4) because:

(a) Plaintiff's claims arise under a law of the United States and;

(b) Plaintiff seeks to redress the deprivation or rights secured by an Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States and;

(c) Plaintiff seeks recover damages or to secure equitable or other relief under an Act of Congress providing for the protection of civil rights.

4. Plaintiff invokes the supplemental jurisdiction of this Court under 28 U.S.C. §1367 to plead claims under Indiana law.

5. Venue is proper in the Northern District of Indiana, South Bend Division, because the events alleged arose and are continuing to occur principally in St. Joseph County, IN.

## Parties

6. Plaintiff Mary Beth Wright ("Ms. Wright") is an adult woman who resides in St. Joseph County, IN. She is an otherwise qualified individual with a handicap, as defined in the FHAA, 42 U.S.C. §3602(h) because, as a result of physical, her major life activities of walking and other neurological functions are impaired and substantially limited. Her mobility is limited to

2

wheelchair use. For the same reasons stating that she is an otherwise qualified individual with a handicap under the FHAA, she is also an otherwise qualified individual with a disability under Title II of the ADA and §504. She was, at all times relevant to this case, an otherwise qualified resident and tenant of the Defendant Mishawaka Housing Authority in the building located at located at 500 Lincolnway East, Mishawaka, IN 46544, as evidenced by her leases with MHA and which MHA possess.

7. Ms. Wright signed leases with MHA during her tenancy, and MHA possess those leases.

8. Defendant Mishawaka Housing Authority ("MHA") is a public housing authority which receives federal financial assistance from the United States Dept. of Housing and Urban Development ("HUD"). HUD grants funds to MHA for the purpose of providing housing to individuals with limited income and resources, as does the State of Indiana and the City of Mishawaka. MHA is a renter of apartments; an agency of the City of Mishawaka; and a recipient of federal financial assistance. MHA is a person acting under color of statute, ordinance, regulation, custom, or usage of Indiana, as defined by 42 U.S.C. §1983, pursuant to official policy. MHA maintains its business office at 601 E. 11th St., Mishawaka, IN 46544.

9. MHA signed contracts and grant agreements with HUD and other funding sources in which MHA agreed, inter alia, to provide services and programs to otherwise qualified individuals with handicaps or disabilities and to comply with the FHAA, Title II , and §504. MHA possesses those contracts and agreements. Ms. Wright is an intended third party beneficiary of those contracts and grant agreements.

10. Defendant Colleen Olund ("Ms. Olund") is executive director of MHA. She is responsible for the operation of MHA and its staff. She is responsible also for oversight of the expenditure and proper use of funds granted to MHA by HUD and other grantors. Ms. Olund is a

person acting under color of statute, ordinance, regulation, custom, or usage of Indiana, as defined by 42 U.S.C. §1983, pursuant to official policy.

## Facts

11. Ms. Wright was a tenant of MHA. In 2015 she was hospitalized because of medical problems associated with her handicap or disability and absent from her apartment. During her absence MHA sent a notice to her at the apartment address that it was evicting her and removing her motorized wheelchair, furniture and personal property. MHA justified its action by claiming that bedbugs were present in the apartment.

12. MHA then removed the motorized wheelchair, furniture and personal property, placed it on the sidewalk and directed a third party to haul away the items.

13. MHA made no accommodation to Ms. Wright to allow her, as a hospitalized tenant with a handicap or disability, to address the alleged problem, despite her request for that accommodation and the request of Attorney R. Wyatt Mick, Jr., acting on her behalf.

## Class Action

14. Pursuant to Fed. R. Civil Proc. 23 (b)(2), Ms. Wright states that MHA and Ms. Olund have acted or refused to act, and will act or refuse to act, on grounds that apply generally to a class of present, former and future tenants, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole. This allegation is evidenced by the notice sent to Ms. Wright, the absence of procedures to protect her rights, and the response by MHA and Ms. Olund to Attorney Mick.

15. Pursuant to Rule 23 (b)(3), the questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior

4

to other available methods for fairly and efficiently adjudicating the controversy, as evidenced by these facts:

A. MHA has housed, is currently housing, and will house numerous tenants with handicaps or disabilities who are otherwise qualified to reside at MHA, as evidenced by the receipt by MHA, for decades, of funds from HUD to house tenants with handicaps or disabilities. The exact number is uncertain but, on information and belief, exceeds 40 otherwise qualified individuals.

B. The class members' interests in individually controlling the prosecution or defense of separate actions, as evidenced by their likely poverty.

C. There is no other litigation concerning the controversy already begun by or against class members;

D. The desirability or undesirability of concentrating the litigation of the claims in the particular forum, as evidenced by concerns of issue preclusion to the Plaintiff Class and the Defendants;

E. There are no unusual difficulties in managing the litigation in the present Court.

F. The class is so numerous that joinder of all members is impracticable, as evidenced by MHA's housing of, and anticipated housing of, numerous tenants with handicaps or disabilities who are otherwise qualified to reside at MHA, for which MHA received funding from HUD to house tenants with handicaps or disabilities.

G. There are questions of law or fact common to the class, as evidenced by the definition of the proposed Class

H. the claims or defenses of the representative party, Ms. Wright, are typical of the claims or defenses of the class, as evidenced by the definition of the proposed Class and the allegations of this Complaint.

I. As the representative party, Ms. Wright will fairly and adequately protect the interests of the class, as evidenced by this Complaint and the experience of her undersigned counsel.

J. Ms. Wright sues as representative of this class: all past, current and future MHA tenants with handicaps or disabilities (A) in need of accommodations or modifications of MHA policies, because of their handicaps or disabilities, in their housing and related services; (B but who did not or will not receive such accommodations or modifications (C) and who suffered or are likely to suffer injuries as a result of the actions or inaction of MHA.

## Proximate Cause and Damages

16. As a direct result of the events alleged in the paragraph preceding, Ms. Wright and the class suffered injuries and losses proximately caused by the actions and failures to act by MHA and Ms. Olund. These injuries and losses include, but are not limited to, her loss of her motorized wheelchair, furniture and personal property; her loss of bargain in that MHA and Ms. Olund failed to provide to her the apartment for which she leased and paid rent and security deposit; and her financial loss by her being required to spend her limited money and resources to relocate. She has also suffered physical discomfort and emotional trauma/distress because of the anxiety resulting from the events alleged. Those injuries and losses continue on a daily basis because the actions of MHA and the Ms. Olund result in Ms. Wright's incurring continuing inconvenience, expense, anxiety and difficulties.

## Equity and Incorporation of Allegations

17. The actions of MHA and Ms. Olund threaten Ms. Wright and the class with irreparable harm for which damages are an inadequate remedy. Because of their limited income and resources, Ms. Wright and

the class require a declaratory judgment of the rights of Ms. Wright and the class so that the actions of MHA and Ms. Olund do not impair the abilities of Ms. Wright and the class to rent and occupy suitable housing. Ms. Wright incorporates all paragraphs into the following Causes of Action.

## Causes of Action

### First Claim

18. The FHAA prohibits MHA and Ms. Olund from discriminating in the rental, or to otherwise make unavailable or deny, a dwelling to any renter because of a handicap of the renter. 42 U.S.C.A. § 3604(f)(1).By seizing her motorized wheelchair, furniture and personal property. MHA and Ms. Olund violated the rights of Ms. Wright and the class under the FHAA, as evidenced in the following actions:

A. They excluded Ms. Wright and the class from participation in denied the benefits of the services, programs, or activities of MHA, and subjected Ms. Wright and the class discrimination by MHA.

B. They directly and through contractual, licensing, or other arrangements, on the basis of disability denied Ms. Wright and the class the opportunity to participate in or benefit from the aid, benefit, or service;

C. They afforded Ms. Wright and the class an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others;

D. They provided Ms. Wright and the class with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others;

E. They provided Ms. Wright and the class different or separate aids, benefits, or services to individuals with disabilities or to any class of individuals with disabilities than is provided to others unless such action is necessary to provide qualified individuals with disabilities with aids, benefits, or services that are as effective as those provided to others;

F. They aided or perpetuate discrimination against Ms. Wright and the class by providing significant assistance to an agency, organization, or person that discriminates on the basis of disability in providing any aid, benefit, or service to beneficiaries of MHA's program.

G. They otherwise limited Ms. Wright and the class in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aid, benefit, or service.

H. They denied Ms. Wright and the class the opportunity to participate in services, programs, or activities that are not separate or different, despite the existence of permissibly separate or different programs or activities.

I. They, directly or through contractual or other arrangements, utilized criteria or methods of administration"

(i)   that have the effect of subjecting Ms. Wright and the class to discrimination on the basis of disability;

(ii)  that have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of MHA to Ms. Wright and the class.

K. They failed to make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.

L. They imposed or applied eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any service, program, or activity, unless such criteria can be shown to be necessary for the provision of the service, program, or activity being offered.

M. They failed to administer services, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities.

N. They failed to conduct timely and sufficient required self-evaluations and implement remedial action plans.

O. They illegally evicted Ms. Wright and the class from their tenancies in MHA.

P. They illegally seized and converted the property of Ms. Wright and the class.

## Second Claim

19. Ms. Wright and the class incorporate the allegations of all preceding paragraphs. MHA and Ms. Olund violated Title II in that (1) Ms. Wright has a qualifying disability as evidenced by her use of a wheelchair; (2) MHA and Ms. Olund denied her the benefits of services, programs, or activities for which MHA is responsible as evidenced by the seizure of her a motorized wheelchair, furniture and eviction; (3) MHA and Ms. Olund otherwise discriminated against her as evidenced by the seizure of a motorized wheelchair, her furniture and eviction; (4) and such discrimination is by reason of her disability, as evidenced by MHA's seizure of a motorized wheelchair, her furniture and eviction despite her need and request for accommodation.

## Third Claim

20. Ms. Wright and the class incorporate the allegations of all preceding paragraphs. MHA and Ms. Olund violated §504.

## Fourth Claim

21. As persons acting under color of statute, ordinance, regulation, custom, or usage of Indiana, as defined by 42 U.S.C. §1983, pursuant to official policy, NHA and Ms. Olund deprived Ms. Wright and the Class of due process and equal protection of the law, guaranteed under the Fourteenth Amendment

to the Constitution of the United States, as evidenced by their seizure of Ms. Wright's motorized wheelchair, furniture and personal property.

### Fifth Claim

22. MHA and Ms. Olund converted the property of Ms. Wright by seizing her motorized wheelchair, furniture and personal property and knowingly and intentionally exerting unauthorized control over her property. By timely letter to MHA from Attorney R. Wyatt Mick, Jr. Ms. Wright gave a tort claims notice to MHA.

### Sixth Claim

23. MHA and Ms. Olund deprived Ms. Wright and the class of due process and equal protection as guaranteed by the Fourteenth Amendment to the Constitution of the United States by seizing her motorized wheelchair, furniture and personal property without sufficient notice and acted pursuant to an official policy of MHA allowing that deprivation.

### Seventh Claim

24. MHA and Ms. Olund deprived Ms. Wright and the class of due course of law as guaranteed by Art. 1, §23 of the Indiana Constitution by seizing her motorized wheelchair, furniture and personal property without sufficient notice and acted pursuant to an official policy of MHA allowing that deprivation.

### Relief

WHEREFORE, Ms, Wright requests:

    A. Trial by jury on all claims so triable.

    B. Certification of a Plaintiff class as requested.

C. Compensatory damages on each Claim in an amount of more than $10,000.

D. Exemplary damages on each Claim in an amount of more than $10,000, as permitted by law.

E. A declaratory judgment determining the rights of Ms. Wright and the class and the obligations of MHA and Ms. Olund.

F. Preliminary and permanent injunctions, upon notice to MHA and Ms. Olund, as the proof justifies, include retrospective notice relief to the class members of their rights and opportunities for relief.

G. An award of reasonable attorney fees.

H. Such other relief necessary and shown to be justified.

Respectfully submitted,

HULL LAW FIRM

ATTORNEY FOR PLAINTIFF

_____
Kent Hull, Attorney No.: 8580-71
105 E. Jefferson, Suite 800
South Bend, IN 46601
(574) 239-7029
(574) 287-3116 (Fax)
lowell.k.hull.10@nd.edu

11